NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2644
_____

DAVID BUSH;
CHRISTOPHER BUSH,
                                        Appellants

v.

S.C. ADAMS; LT. BRIAN RUSSELL; KENNETH HILL; STEVEN J. IGNATZ;
SERGEANT JOSEPH TRIPP (PENNSYLVANIA STATE POLICE);
SARA NICOLE BUSH, a/k/a Serene Isara Isabella a/k/a Sara Nicole Monserrate a/k/a
Sara Nicole Monserrate Bush
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2:07-cv-04936)
District Judge:  Honorable Mary A. McLaughlin
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 8, 2012

Before:  McKEE, *Chief Judge*, SCIRICA and AMBRO, *Circuit Judges*

(Opinion filed: August 2, 2012)
_____

OPINION
_____

McKEE, *Chief Judge*.

    In this civil rights action brought under 42 U.S.C. § 1983 and Pennsylvania law,

brothers David and Christopher Bush ("Appellants") appeal the District Court's dismissal

of their claims against certain defendants and the court's grant of summary judgment in favor of the remaining defendants.  For the reasons that follow, we will affirm.

## I.

Since we write primarily for the parties, who are familiar with the background of this case, we discuss the events leading to this appeal only briefly.  In 2008, Appellants filed an amended complaint in the District Court against Isara Isabella Serene (David Bush's ex-wife), two officers from the Richmond, Virginia Police Department ("the Richmond officers"), and three officers from the Pennsylvania State Police ("the PSP officers"), raising claims under Pennsylvania state law and the United States Constitution.

The Richmond officers moved to dismiss the claims against them for lack of personal jurisdiction, and Serene moved to dismiss the claims against her for lack of personal jurisdiction and for failure to state a claim upon which relief could be granted. The District Court ultimately granted both motions.  Thereafter, the remaining defendants — the PSP officers — moved for summary judgment.  The District Court subsequently granted their motion and closed the case.  This appeal followed.

## II.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.  We exercise plenary review over a district court's dismissal for lack of personal jurisdiction, *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007), and we also review de novo a district court's grant of summary judgment or dismissal for failure to state a claim upon

which relief can be granted. *Barefoot Architect, Inc. v. Bunge*, 632 F.3d 822, 826 (3d Cir. 2011).

Having considered the parties' arguments, and reviewed the District Court's thorough and cogent opinions accompanying orders it entered on November 4, 2008, January 28, 2009, and May 19, 2011, respectively, we conclude that the District Court adequately explained its rulings and we agree with that court's resolution of this case.[1] Appellants' contention that the District Court did not address David Bush's equal protection/interference with family rights claim is belied by the record. (*See* J.A. at 51-52.) To the extent Appellants contest a June 2010 order entered by the United States District Court for the Eastern District of Virginia — a court outside this Circuit — granting Serene's motion to quash a subpoena that had been issued against her, we lack jurisdiction to review that decision.[2] *See* 28 U.S.C. § 1294(1) (providing that, except under narrow circumstances not present here, an appeal from a district court shall be

---

[1] Appellants argue, inter alia, that Serene's "maintenance of a post office box and reception of mail within Pennsylvania," (Appellants' Br. 40), constituted "[p]resence in th[e] Commonwealth at the time when process is served," 42 Pa. Cons. Stat. § 5301(a)(1)(i), thereby establishing personal jurisdiction over her under Pennsylvania law. Appellants provide no authority for the proposition that § 5301(a)(1)(i)'s "presence" requirement is satisfied merely by having a post office box in the forum, and we find this argument unpersuasive. Although Appellants also point to other "activities" as evidence of Serene's purported "presence" in the Commonwealth, that evidence does not establish that she was present there *at the time of service*.

[2] Although Appellants could have appealed that decision to the United States Court of Appeals for the Fourth Circuit, the time to do so has long since passed. *See* Fed. R. App. P. 4(a)(1)(A) (providing that, in a civil case in which the United States is not a party, a notice of appeal must be filed no later than thirty days after entry of the order or judgment in question).

taken to the court of appeals for the circuit embracing that district).

In light of the above, we will affirm the District Court's November 4, 2008, January 28, 2009, and May 19, 2011 orders substantially for the reasons set forth by the District Court.